UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. NAVA., et al., ) | Case No.: 1:12-cv-00010 AWI JLT |
| Plaintiffs, ) | ORDER GRANTING IN PART STIPULATION TO AMEND SCHEDULING ORDER |
| v. ) | |
| CITY OF SHAFTER, et al., ) | (Doc. 26) |
| Defendants. ) | |

Before the Court is the stipulation of counsel seeking to extend deadlines set forth in the scheduling order.  (Doc. 26)  Counsel report that their calendars do not allow them to complete discovery within the time frames set forth in the scheduling order.  Id. at 4.  Likewise, they have had difficulty locating certain witnesses.  Id.  Counsel fail to report when they started attempting to locate these witnesses, the efforts expended toward this end or whether and when these witnesses are expected to be located.  Likewise, they fail to describe the discovery efforts still to be completed.  Moreover, the proposed scheduled suggested by counsel, unfortunately, is not workable for the Court.  For the reason set forth below, the stipulation is **GRANTED IN PART**.

**I.      Scheduling Orders**

Courts must enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3).  Scheduling orders are intended to alleviate case management problems.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d

1

604, 610 (9th Cir. 1992). The scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). As such, a scheduling order is "the heart of case management." *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986).

Scheduling orders are "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610 (*quoting Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Maine 1985)). Good cause must be shown for modification of the scheduling order. Fed. R. Civ. P. 16(b)(4). The Ninth Circuit explained:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence of a degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for modification. If that party was not diligent, the inquiry should end.

*Johnson*, 975 F.2d at 609 (internal quotation marks and citations omitted). Therefore, parties must "diligently attempt to adhere to the schedule throughout the course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999). The party requesting modification of a scheduling order has the burden to demonstrate:

> (1) that she was diligent in assisting the Court in creating a workable Rule 16 order, (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, and (3) that she was diligent in seeking amendment of the Rule 16 order, once it become apparent that she could not comply with the order.

*Id.* at 608 (internal citations omitted).

Here, when the Court drafted the scheduling order, it was based upon the dates suggested by the parties. (*Compare* Doc. 18 at 2; Doc. 16 at 13) In order to ensure discovery moved along appropriately, the Court set a mid-discovery status conference. Though counsel failed to appear at this conference, they reported that discovery was, in fact, moving forward appropriately. (Doc. 22 at 2.) Thus, it appears the problems in completing discovery are recently discovered.

Though the Court understands the difficulties facing counsel's due to busy trial schedules, the schedule proposed in the stipulation is not workable. Judges in the Eastern District of California carry

the heaviest caseload in the nation, and the District Judges are unable to devote inordinate time and resources to individual cases and matters. The Court encourages parties' counsel to consider, and if necessary, to reconsider, consent to a U.S. Magistrate Judge to conduct all further proceedings, including trial. The Magistrate Judges' availability is far more realistic and accommodating to parties than that of Judge Ishii who must prioritize criminal and older civil cases over more recently filed civil cases.

Moreover, civil trials set before Judge Ishii trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if Judge Ishii is unavailable on the original date set for trial. In addition, this Court's Fresno Division randomly and without advance notice, reassigns civil actions to U.S. District Judges throughout the nation to serve as visiting judges. Thus, in the absence of Magistrate Judge consent, this action is subject to reassignment to a U.S. District Judge from outside the Eastern District of California.

With this in mind, it is not possible for Judge Ishii to conduct a pretrial conference, receive review, consider and hear motions in limine and consider trial documents a mere eight days before trial.  Moreover, given the crush of Judge Ishii's caseload, he cannot reasonably consider dispositive motions more quickly than eight weeks from the date of the hearing on the motion.  Thus, in order to attempt to accommodate the need to complete discovery, the stipulation to amend the scheduling order is **GRANTED IN PART.**

## ORDER

Based upon the foregoing, the scheduling order is amended as follows:

1. All discovery, including non-expert and expert discovery, SHALL be completed no later than **October 18, 2013**;

2. Experts SHALL be disclosed no later than **September 20, 2013** and rebuttal experts SHALL be disclosed no later than **October 4, 2013**;

3. The settlement conference, currently set on September 27, 2013, is continued to **November 19, 2013** at 10:00 a.m.

///

///

3

**Absolutely no other amendments to the scheduling order are authorized and no further amendments to the scheduling order will be considered.**

IT IS SO ORDERED.

Dated:   **April 29, 2013**              **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE

4