UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. NAVA., et al., | ) Case No.: 1:12-cv-00010 AWI JLT |
| Plaintiffs, | ) ORDER VACATING THE HEARING DATE OF JULY 3, 2013 |
| v. | ) |
| CITY OF SHAFTER, et al., | ) ORDER DENYING AS MOOT DEFENDANT GUSTAVO OLVERA'S MOTION TO QUASH THE DEPOSITION SUBPOENA FOR PRODUCTION OF BUSINESS RECORDS |
| Defendants. | ) |
| | ) (Doc. 29) |

On June 3, 2012, Gustavo Olvera filed a motion to quash the deposition subpoena for production of business records. (Doc. 29). Plaintiffs, Gloria Nava, Mark Nava, and Monique Nava, filed their opposition on June 11, 2013 (Doc. 31), to which Defendant replied on June 20, 2013 (Doc. 33). Having read and considered the arguments of counsel, the Court finds the matter suitable for decision without an oral hearing pursuant to Local Rule 230(g), and the hearing date of July 3, 2013 is **VACATED**.

I.  **Relevant Background**

Plaintiffs issued a subpoena to the Shafter Police Department on May 3, 2013. (Doc. 29-1). The police department was commanded to produce records related to Defendant Olvera, including:

> Any and all employment records, including but not limited to internal affairs investigations, training, academy training, background information, complaints, discipline, use of force reports, earnings, profits, commissions, bonuses, business income, salary, payroll,

1

attendance, workers' compensation claims, medical information, employment applications, job performance evaluations, date of hire, date and reason for termination, personnel records, and records related to employment or employee benefits, including any and all W2s and/or 1099's.

(Doc. 29-1 at 4) (emphasis omitted).

Defendant served a letter regarding the subpoena "directed to the Kern County Sheriff's Department seeking certain specified records of defendant, Gustavo Olvera" on May 30, 2013.[1] (Doc. 31 at 8). Defendant asserted he objected to the subpoena "on the grounds that it is overbroad, not calculated to lead to the discovery of admissible evidence and constitutes a violation of Mr. Olvera's privacy rights." *Id.* In addition, Defendant objected that "the subpoena also seeks information based upon facts not in evidence, namely that Mr. Olvera was 'terminated' from his employment with the Kern County Sheriff's Department." *Id.* at 9. Defendant requested Plaintiffs respond "no later than close of business on Tuesday, June 4, 2013." *Id.*

On June 4, 2013, Plaintiffs responded to Defendant's letter, agreeing "to limit the scope of the subpoena eliminating [the] requests for the following categories: Earnings, profits, commissions, bonuses, business income, payroll, salary, Worker Compensation claims, medical information, and employee benefits, namely W-2s or 1099 forms." (Doc. 31 at 11) (emphasis omitted). However, Plaintiffs asserted "records that seek reasons for termination are certainly discoverable," and declined to eliminate that request. *Id.*

## II.   Discussion and Analysis

As an initial matter, Defendant failed to comply with the requirement to meet and confer regarding the motion to quash now before the Court. (See Doc. 10 at 3) ("A party with a discovery dispute must first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute). Although Defendant asserts Plaintiffs failed to respond to a letter regarding this dispute served on May 23, 2013, the identified letter concerns the subpoena "commanding the production and inspection of records regarding defendant, Officer **Luis Pena**." (Doc. 29-3 at 2) (emphasis added). The letter related to Gustavo Olvera was served on May 30, 2013, and a response

---

[1] Presumably, this is a typo given the subpoena issued was to the Shafter Police Department. (Doc. 29-1).

was not required until June 4, 2013. (Doc. 31 at 8). By filing the motion now before the Court on June 3, 2013, Defendant failed give Plaintiffs the full time promised to respond. In addition, Defendant failed to contact the Court to schedule a telephonic hearing before filing the motion to quash. (See Doc. 10 at 3) (requiring a moving party to seek a telephonic hearing with all involved parties and the Magistrate Judge if a good faith effort to resolve a discovery dispute is unsuccessful). For this reason alone, denial of Defendant's motion to quash is proper. *See, e.g., Causey v. Portfolio Acquisitions, LLC*, 2013 U.S. Dist. LEXIS 53219 (E.D. Cal. Apr. 12, 2013) (denying motions to compel without prejudice for failure to adequately meet and confer); *FDIC v. Anderson*, 2012 U.S. Dist. LEXIS 161346 (E.D. Cal. Nov. 9, 2012) (denying a motion without prejudice "in light of the failure to adequately meet and confer" concerning the discovery dispute).

Nevertheless, Plaintiffs' response to the motion indicates that the dispute regarding financial records has been resolved. In reply, Defendant asserts the matter of whether information regarding his termination remains undetermined, but this issue was not raised in the motion to quash. Rather, the motion to quash focuses *only* upon the financial and payroll information requested in the subpoena. As a general rule, the Ninth Circuit "decline[s] to consider new issues raised for the first time in a reply brief." *Cedano-Viera v. Ashcroft*, 234 F.3d 1062, 1066 (9th Cir. 2003); *see also State of Nevada v. Watkins*, 914 F.2d 1545, 1560 (9th Cir. 1990) ("[Parties] cannot raise a new issue for the first time in their reply briefs"). Thus, the Court declines to consider the objection to information concerning his termination because it is not properly before the Court.

### III.   Conclusion and Order

Because Plaintiffs have agreed to narrow the scope the subpoena and eliminated their requests for financial and payroll information, Defendant's motion to quash is **DENIED AS MOOT**.

IT IS SO ORDERED.

Dated:   **June 25, 2013**                    **/s/ Jennifer L. Thurston**
                                                                  UNITED STATES MAGISTRATE JUDGE